# EXHIBIT A

## JOINT DECLARATION OF XYBERNAUT INVESTORS GROUP

We, Donald T. Ogle, Jr., Wei Wang, Tom Johnson, Michael Taylor, and Robert A. Schultz (the "Xybernaut Investors Group") submit this Joint Declaration in further support of the Xybernaut Investors Group's motion for appointment as Lead Plaintiff and for approval of our selection of Lead Counsel.

1.      I, Donald T. Ogle, Jr., am the owner of a theatrical contracting business, which provides mobile stages for theatrical and other productions, and I currently reside in New Jersey.

2.      I, Wei Wang, am a M.B.A. graduate of the Schulich School of Business at York University in Toronto, and I currently reside in Ontario Province, Canada.

3.      I, Tom Johnson, am engaged in technical sales for confectionery products, and I currently reside in Illinois.

4.      I, Michael Taylor, am engaged in consumer products sales, and I currently reside in Arkansas.

5.      I, Robert A. Schultz, am an accountant for a power plant, and I currently reside in Texas.

6.      We have each suffered significant financial losses as a result of our investments in Xybernaut Corporation and after consultation with our chosen counsel have decided to work together in the best interests of the Class if appointed as Lead Plaintiffs.

7.      After each of us discovered our respective financial losses in Xybernaut securities, we were eager to take on a leadership role in this case to maximize a recovery for ourselves, and by extension, the Class. Our counsel informed us that there were other investors who suffered substantial losses and shared the same desire to lead this action. We also learned that the

-1-

relevant statute expressly permitted groups to work together as lead plaintiff and that the majority of the courts, as well as the U.S. Securities and Exchange Commission, have approved of small groups as lead plaintiff. Based on these discussions, we agreed that it would be beneficial to ourselves and the Class if the five of us sought appointment as lead plaintiff as part of a small group. In addition, our familiarity with our counsel's qualifications and experience coupled with the fact that we understand that they have a good working relationship prompted us to conclude that the co-counsel structure we proposed would also serve the Class well.

8.      We understand that each of us could have sought lead plaintiff status either individually, or could have taken no action and remained an absent class member. However, we decided to work together to prosecute this Action and believe that our collective resources will benefit the Class in prosecuting this case against Xybernaut and other defendants. We already have met as a group by conference call and agreed upon a number of specific procedures pursuant to which our small group will operate if appointed as Lead Plaintiff.

9.      As Lead Plaintiffs, we agree to exercise joint decision making and work together in this case to fairly and adequately protect the interests of the Class by monitoring the litigation and maintaining regular contact with our counsel. We believe that as a group we have implemented procedures to provide for efficient prosecution of this lawsuit.

10.     We have selected and retained the law firms of Shepherd Finkelman Miller & Shah, LLC and Schatz & Nobel, P.C. to act as Lead Counsel in this Action.

11.     As Lead Plaintiffs, we shall be responsible for monitoring the activities of our selected counsel for the duration of the litigation. Our selected Lead Counsel shall:

(a)     determine and present (in briefs, oral argument, or such other fashion as may be

appropriate) to the Court and opposing parties the position of the plaintiffs on all matters that may arise during litigation of the Action;

(b)    coordinate the initiation and conduct of discovery on behalf of plaintiffs consistent with the requirements of the applicable rules of procedure, including the preparation of joint interrogatories and requests for production of documents and the examination of witnesses in depositions;

(c)    conduct settlement negotiations on behalf of plaintiffs, but not enter binding agreements except to the extent expressly authorized by Lead Plaintiffs;

(d)    enter into stipulations with opposing counsel necessary for the conduct of the litigation;

(e)    retain expert consultants and witnesses;

(f)    prepare and distribute to the Lead Plaintiffs periodic status reports;

(g)    maintain adequate time and disbursement records covering services as Lead Counsel;

(h)    maintain other appropriate records; and

(i)    perform such other duties as may be incidental to proper coordination of the litigation or authorized by further order of the Court.

12.    In conjunction with our decision to seek appointment as lead plaintiff, we implemented specific procedures with our counsel which will ensure that we are kept regularly informed about the progress of the litigation. In connection therewith, we intend to communicate regularly with our counsel. Similarly, if appointed as lead plaintiff, we have arranged to hold regular or quarterly conference calls so that we can discuss the litigation as it progresses. All

decisions will be made by majority vote after we have discussed the relevant issues with each other and with counsel. Of course, we intend to review and discuss with our attorneys all case filings and will provide comments.

13.    We also have agreed upon a sliding-scale fee arrangement with our counsel, which is entirely contingent in nature (that is, if our counsel do not recover anything on behalf of the class, they will not be entitled to receive payment of any attorneys' fees or reimbursement for any costs incurred), which we also understand would be subject to court review and approval. Under this arrangement, our counsel would be entitled to seek payment of varying percentages of any recovery depending upon the stage of the litigation and subject to the Court's independent review and approval.

14.    The fee structure that we have agreed to adjusts the amount of attorneys fees paid to counsel to reflect both the stage of proceedings at which a settlement may be achieved, as well as the amount of such settlement (or judgment after trial). The Xybernaut Investors Group considered, but rejected, a flat fee arrangement because we believe it does not adequately align the interests of the attorneys with the members of the class and could provide, for example, a windfall to attorneys who settle a case prematurely, or conversely, provide a disincentive to litigate a case through trial if the flat fee percentage is too low. We believe the agreed-upon fee arrangement gives our counsel an incentive to maximize the recovery for the class, while still ensuring that the fees, if any, that counsel may receive in this case are fair and reasonable under all of the circumstances. We, therefore, believe this fee arrangement is fair and in the best interests of the class.

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 21st, 2005

Donald T. Ogle, Jr.

Executed on June ____, 2005

Wei Wang

Executed on June ____, 2005

Tom Johnson

Executed on June ____, 2005

Michael Taylor

Executed on June ____, 2005

Robert A. Schultz

-5-

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June _____, 2005

_____
Donald T. Ogle, Jr.


Executed on June 𝓭𝓭, 2005

_____
Wei Wang


Executed on June _____, 2005

_____
Tom Johnson


Executed on June _____, 2005

_____
Michael Taylor


Executed on June _____, 2005

_____
Robert A. Schultz

-5-

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June _____, 2005

_____
Donald T. Ogle, Jr.

Executed on June _____, 2005

_____
Wei Wang

Executed on June **22**, 2005

_____
Tom Johnson

Executed on June _____, 2005

_____
Michael Taylor

Executed on June _____, 2005

_____
Robert A. Schultz

-5-

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June ____, 2005

_____
Donald T. Ogle, Jr.

Executed on June ____, 2005

_____
Wei Wang

Executed on June ____, 2005

_____
Tom Johnson

Executed on June 23, 2005

_____
Michael Taylor

Executed on June ____, 2005

_____
Robert A. Schultz

-5-

We declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June ____, 2005

_____
Donald T. Ogle, Jr.


Executed on June ____, 2005

_____
Wei Wang


Executed on June ____, 2005

_____
Tom Johnson


Executed on June ____, 2005

_____
Michael Taylor


Executed on June 22, 2005

_____
Robert A. Schultz

-5-