# Exhibit B

Westlaw.

Not Reported in F.Supp.                                                         Page 1
1997 WL 773717 (D.Mass.), Fed. Sec. L. Rep. P 90,111
(Cite as: 1997 WL 773717 (D.Mass.))

▷

**Motions, Pleadings and Filings**

United States District Court, D. Massachusetts.
Sanford NAGER
v.
WEBSECURE, INC.; Robert Kuzara; Carroll Lowenstein; Michael Appe; Carole Ouellette; Coburn & Meredith, Inc.; Shamrock Partners, Ltd.; and Centennial Technologies, Inc.
Geoffrey MILLER; Gracy Meberman; and Brenda Eisner, on behalf of themselves and all other persons similarly situated
v.
WEBSECURE, INC.; Robert Kuzara; Carroll Lowenstein; Michael Appe; Carole Ouellette; Coburn & Meredith, Inc.; Shamrock Partners, Ltd.; and Centennial Technologies, Inc.
Simon KRAUSE and Mindy Krause
v.
WEBSECURE, INC.; Robert Kuzara; Carroll Lowenstein; Michael Appe; Carole Ouellette; Coburn & Meredith, Inc.; Shamrock Partners, Ltd.; and Centennial Technologies, Inc.
Alan FRIEDMAN
v.
WEBSECURE, INC.; Robert Kuzara; Carroll Lowenstein; Michael Appe; Carole Ouellette; Coburn & Meredith, Inc.; Shamrock Partners, Ltd.; and Centennial Technologies, Inc.
Daniel LIFSHITZ
v.
WEBSECURE, INC.; Robert Kuzara; Carroll Lowenstein; Michel Appe; Carole Ouellette; Coburn & Meredith, Inc.; Shamrock Partners, Ltd.; and Centennial Technologies, Inc.
No. CIV.A. 97-10662-GAO, CIV.A. 97-10828-GAO, CIV.A. 97-10829-GAO, CIV.A. 97-11045-GAO, CIV.A. 97-11110-GAO.

Nov. 26, 1997.

MEMORANDUM AND ORDER

OTOOLE, D.J.

*1 The plaintiffs have moved to consolidate the five above-encaptioned actions pursuant to Fed.R.Civ.P. 42(a). The defendants do not object. There being common questions of law and fact in all of the cases, consolidation is appropriate and the motion to consolidate is GRANTED. The matters are accordingly ordered consolidated for all purposes. All papers shall hereafter be filed under the caption *In Re Websecure, Inc. Securities Litigation,* Civil Action No. 97-10662-GAO.

A group of persons who are members of the purported class, but not all of whom are named in the complaints in the consolidated cases, have moved to be appointed "lead plaintiffs" in fulfillment of the mandate set forth in § 21D(a)(3)(B) of the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(3)(B). The required public notice having been given, see 15 U.S.C. § 78u-4(a)(3)(A), no other class members having sought appointment, and it appearing that the proposed group of lead plaintiffs adequately meet the statutory criteria for appointment, see 15 U.S.C. § 78u-4(a)(3)(B)(iii), the motion is GRANTED, with a minor exception, [FN1] and the following persons are appointed to be the "lead plaintiffs" for these consolidated cases: Sanford Nager, Robert Montague, Patricia Montague, Robert Flynn and Laure Flynn, Ernest Klein, Richard L. Snyder, Esther Kaplan, Geoffrey Miller, and Yechiel Bromberg.

> FN1. One of the proposed group, David Renzer, states in his affidavit that on "2/7" he purchased 2,500 shares of common stock of Websecure, Inc. at a price of $17.50 per share. (Waldman Decl. Supp. Websecure Pl. Group's Mot. to Consol., Ex. C.) Information supplied by the plaintiffs about the stock's trading indicates, however, that on February 7, 1996, the stock closed, as it had the day before, at $9.50 per share. (Waldman Aff. Supp. Pls' Mot. for Prelim. Inj., Ex. N.) The statement in the Renzer affidavit may thus be suspected of being inaccurate. The inaccuracy may be explainable, but it casts sufficient doubt on Mr. Renzer's adequacy as a representative plaintiff that he should be excluded from the

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.  
1997 WL 773717 (D.Mass.), Fed. Sec. L. Rep. P 90,111  
**(Cite as: 1997 WL 773717 (D.Mass.))**

Page 2

group appointed to serve as lead plaintiffs.

It should be noted that the appointment of these persons to serve as lead plaintiffs pursuant to § 78u-4(a)(3)(B) presents a matter separate from the questions of class certification that must be answered under Fed.R.Civ.P. 23, and this order should not be understood as resolving any of those questions, which will be addressed in due course. In particular, to the extent there is any doubt concerning the standing of the defendants to object to the appointment of lead counsel, it is clear that defendants have standing to be heard as to class certification issues. See Greebel v. FTP Software, Inc., 939 F.Supp. 57, 60 (D.Mass.1996).

The lead plaintiffs are authorized to select and retain "lead counsel" to represent the class, subject to the approval of the court. 15 U.S.C. § 78u-4(a)(3)(B)(v). The plaintiffs here have moved, pursuant to this provision, for approval of their selection of three law firms to serve as an "executive committee" to manage the litigation, with one of those three designated as the "chair" of the executive committee. There is no question that any of the firms is qualified to represent the plaintiff class. See Waldman Decl., Exs. D, E, and F. There is some question whether it is necessary to approve the selection of a "committee," when any one firm would be qualified to handle the matter. However, because this matter now involves five consolidated cases, each initially brought by particular plaintiffs represented by different law firms, it seems sensible to employ the "committee" approach to minimize the potential for disputes about the direction of the litigation. There should be no concern that duplicative legal efforts will result in higher legal costs to the class because the statute limits total attorneys' fees to "a reasonable percentage of the amount of any damages and prejudgment interest actually paid to the class." 15 U.S.C. § 78u-4(a)(6). That limit should make it a matter of indifference to the class whether a reasonable fee is paid to one or divided among cooperating recipients.

*2 Accordingly, the motion to approve the selection of lead counsel is also GRANTED, and the following firms are designated as lead counsel: Wolf Popper LLP, Pomerantz Haudek Block & Grossman, and Weiss & Yourman as a committee, with Wolf Popper LLP designated as Chair. The selection of Shapiro Haber & Urmy LLP as local liaison counsel is also approved. Counsel in any related action that is consolidated with this action shall be bound by this organizational structure. In order to avoid duplicative pleadings or discovery by the plaintiffs, no pleadings or other papers shall be filed nor discovery conducted by any plaintiff except through the executive committee. Service of any papers or pleadings on the plaintiffs shall be deemed to be complete for all purposes when a copy shall have been served on each member of the executive committee and liaison counsel.

Within 30 days of the date of this Order, the lead plaintiffs shall file and serve a consolidated complaint. The defendants shall answer or move with respect to the consolidated complaint within 20 days after its service.

It is SO ORDERED.

1997 WL 773717 (D.Mass.), Fed. Sec. L. Rep. P 90,111

**Motions, Pleadings and Filings (Back to top)**

•     1:97CV11110    (Docket) (May. 16, 1997)

•     1:97CV11045    (Docket) (May. 05, 1997)

•     1:97CV10828    (Docket) (Apr. 16, 1997)

•     1:97CV10829    (Docket) (Apr. 16, 1997)

•     1:97CV10662    (Docket) (Mar. 26, 1997)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.